# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CHRISTOPHER VAN CORTLAND CHAMBERS and LOUIS ELWARD: DEBROUX, JR.**, as individuals in personal capacity and *ex relatione* the United States of America in qui tam capacity, <br><br> Plaintiffs, <br><br> v. <br><br> **ZESTO ENTERPRISES, INC.**, in corporate capacity; **James B. Livaditis**, in personal capacity; **Elias J. Livaditis**, in personal capacity; and all other unknown complicitous parties in personal capacity as their identities may become known, <br><br> Defendants. | **1:09-cv-0292-WSD** |

## OPINION AND ORDER

This matter is before the Court on Defendants Zesto Enterprises, Inc. ("Zesto"), James B. Livaditis and Elias J. Livaditis's (collectively, "Defendants") Motion for Summary Judgment [25].[1]

---

[1] "[F]ictitious party practice is not permitted in federal court . . . ." New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Plaintiffs have not made any attempt to amend the complaint or substitute "all other unknown

## I. BACKGROUND

Plaintiffs Christopher van Cortland: Chambers and Louis Elward: DeBroux, Jr. (collectively, "Plaintiffs"), proceeding *pro se*, bring this action against Defendants claiming they committed various violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. (the "ADA"). Defendant Zesto is a wholly-owned subsidiary of Zesto's Chubby Decker, Inc., which owns and operates six fast-food restaurants in the Atlanta, Georgia area. Defendants' Statement of Undisputed Material Facts ("DSUMF") at ¶ 1, 2.[2] Defendant James Livaditis is Zesto's President and Defendant Elias Livaditis is Zesto's Secretary and Treasurer. Id. at ¶ 3. Zesto owns and operates a restaurant located at 377 Moreland Avenue in Atlanta, Georgia (the "Moreland location"). Id. at ¶ 5. On July 18, 2008, Plaintiffs entered the parking area of the Moreland location and

---

complicitous parties in personal capacity as their identities may become known" with the proper parties. The Court thus *sua sponte* dismisses these Defendants from this action.

[2] A movant's statement of material facts is deemed admitted unless the respondent directly refutes the movant's fact with specific citations to evidence, states a valid objection to the admissibility of the movant's evidence, or points out that the record evidence does not support the movant's factual assertion. Local Rule 56.1B(2)(a)(2), NDGa. "The court will deem the movant's citations supportive of its facts unless the respondent specifically informs the court to the contrary in the response." Id. 56.1B(2)(a)(3). Defendants submitted a Statement of Undisputed Material Facts ("DSUMF") with their summary judgment motion. Plaintiffs have not responded or refuted the DSUMF, and to the extent the facts are supported by the record, they are deemed admitted.

found that the property had thirteen (13) parking spaces, none of which were properly marked as handicapped parking spots. Id. at ¶¶ 8, 18, 31. Plaintiffs also found that ingress and egress from the building was not handicapped-accessible. Id. at ¶ 24.

The Moreland location was built prior to January 26, 1993. Id. at ¶ 5. Currently, the Moreland location has one (1) parking space that is reserved for the handicapped. Id. at ¶ 33. The handicapped parking space is 104 inches wide with an adjoining 96-inch wide access aisle, is designated with signage for handicapped-accessible parking, and is designated as van accessible. Id. at ¶¶ 34, 35. The route from the accessible parking space to the restaurant entrance is thirty-seven (37) inches wide with a slope of 1:19.2. Id. at ¶ 35.

**II. DISCUSSION**

Plaintiffs claim the lack of proper parking spaces and handicapped-accessible ingress and egress at the Moreland location impeded their use of the property in violation of Title III of the ADA.[3] Defendants move for summary judgment on the grounds that the indisputable evidence shows that none of the alleged barriers exist today, and that Plaintiffs' claims for prospective injunctive relief are thus moot. Defendants also argue that injunctive relief is the only

---

[3] Plaintiffs cite 42 U.S.C. Sections 1983 and 1985(3) for the purpose of invoking the Court's jurisdiction, but only assert a cause of action under the ADA.

remedy available to private, *pro se* litigants, and Plaintiffs are thus not entitled to damages.

    A.    <u>The Standard on a Motion for Summary Judgment</u>

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999). The non-moving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings." <u>Id.</u>

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not required to adopt that version of the facts when ruling on summary judgment. <u>Id.</u>

"[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246. The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict." Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (internal quotations omitted).

 B. Analysis

The Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"), is comprehensive legislation which addresses discrimination against disabled individuals. The Act has three sections: Title I regulates discrimination in the workplace; Title II prohibits discrimination by public entities; and Title III

prohibits discrimination by private entities in places of public accommodation. Title III applies in this litigation.

Title III provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182. "Although a private right of action for injunctive relief does exist under the ADA, it is uncontested that there is no private right of action for damages." Jairath v. Dyer, 154 F.3d 1280, 1283 (11th Cir. 1998). An individual bringing a claim under Title III of the ADA can only pursue injunctive relief because monetary damages are only available in actions initiated by the Attorney General. Id. at 1283 n.7.

The United States Department of Justice's ("DOJ") ADA Accessibility Guidelines ("ADAAG") provides certain requirements for parking lots provided for self-parking by visitors to a building. According to the ADAAG, a newly constructed parking lot having between one and twenty-five total spaces must include at least one handicapped-accessible space. 28 C.F.R. § 36, Appendix A, ADAAG Standard 4.1.2(5)(a). At least one accessible space in a parking lot must be van accessible, meaning the parking space must be at least 96 inches wide and

have an adjoining 96-inch wide access aisle.  Id. at 4.1.2(5)(b); 4.6.3; 4.6.6.  Van accessible parking spaces must be marked with the International Symbol of Accessibility and with a "Van Accessible" sign.  Id. at 4.1.2(5)(b) and 4.1.2(7)(a).  Finally, there must be an accessible route 36 inches wide providing access from the parking space to the entrances to the building.  Id. at 4.6.3 and 4.3.3.

It is undisputed that the Moreland location's parking lot strictly complies with the accessibility requirements of the ADA.  Plaintiffs have not provided any evidence to demonstrate that Defendants have not implemented ADA compliant parking and entrances, and the undisputed record shows that Plaintiffs have been provided with all the injunctive relief they seek in their complaint.  It is well-settled that private litigants may only pursue injunctive relief for claims brought under the ADA.  Jairath, 154 F.3d at 1283.  Once a defendant remedies any alleged deficiencies, a plaintiff's claim becomes moot.  See Cole v. Nat'l Collegiate Athletic Ass'n, 120 F. Supp. 2d 1060, 1068 (N.D. Ga. 2000) (finding that because defendant made the modifications that remedied the alleged barriers, the plaintiffs' claims were moot); Brother v. CPL Investments, Inc., 317 F. Supp. 2d 1358, 1373 (S.D. Fla. 2004) (same).[4]

---

[4] In their response, Plaintiffs list a number of questions that they claim entitle to them to a right to a trial by jury.  A review of Plaintiffs' response reveals that none of listed questions shows that a genuine dispute of material fact exists that could

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [25] is **GRANTED**.

**SO ORDERED** this 29th day of September, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

preclude summary judgment. For example, Plaintiffs' questions include: 1) whether they are citizens Congress intended to protect under the ADA; 2) whether they are "disabled" as defined by the ADA; 3) whether they are entitled to damages under the ADA; and 4) whether the Defendant's property is or was in compliance with the ADA. These questions do not establish a genuine dispute of material fact as to whether Defendants have modified the property at the Moreland location to be in strict compliance with all of the ADA's requirements.